## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| PERLA ARROYO,<br>        *Plaintiff*,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER<br>OF SOCIAL SECURITY,<br>        *Defendant.* | No. 3:20-cv-1750 (MPS) |

### RULING ON DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE FARRISH'S RECOMMENDED RULING

On March 3, 2022, Magistrate Judge Thomas O. Farrish issued a recommended ruling recommending that Plaintiff Perla Arroyo's motion to reverse and remand the decision of the Commissioner be granted and that the Commissioner's motion to affirm be denied. *See* ECF No. 27. The Commissioner has filed an objection to that ruling (ECF No. 28), to which Arroyo has responded (ECF No. 30). I assume familiarity with the record, the parties' briefs, Judge Farrish's Recommended Ruling (which I incorporate by reference here), and the Commissioner's objections. For the reasons set forth below, the Commissioner's objection is OVERRULED, and Judge Farrish's recommended ruling is ADOPTED.

As Judge Farrish observed in the recommended ruling, it is not clear from the ALJ's decision "whether the ALJ did not believe the Plaintiff's claims that she loses consciousness every day, or whether instead he believed those claims but thought the RFC was nevertheless sufficient." ECF No. 27 at 14. The Commissioner argues that the limitations in the RFC were meant to be sufficient to account for the claimant's blackouts. ECF No. 28 at 1-2. Although it may be these case that these limitations were intended to account for the blackouts, it may also

1

be the case that the ALJ did not believe the claimant's testimony about the frequency and extent of the blackouts, due, in part, to the evidence of her daily activities.  Because it is impossible to tell which is the case, the ALJ has failed to provide the Court with an adequately articulated decision to enable review.

Further, the Court cannot, as the Commissioner appears to argue in her objection, supply post-hoc rationalizations for the ALJ's decision.  *See Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 95 (1943) (holding that "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained.").  It is true that an ALJ "does not have to state on the record every reason justifying a decision" or "discuss every piece of evidence submitted."  *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (quoting *Braut v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)).  But the ALJ must explain the rationale for his or her decision in sufficient detail to enable the Court to engage in a review of the ALJ's reasoning.

Here, for example, because it is not clear whether the ALJ found the claimant's testimony about blackouts not to be credible, the Court cannot review any credibility assessment.  While the Commissioner points out that the ALJ considered the claimant's "normal" mental status examinations in concluding that her claims regarding the effects of her narcolepsy were not fully supported by the record, there is no logical connection between the evidence regarding the mental examinations and that regarding blackouts.  *See Monroe v. Colvin*, 826 F.3d 176, 189-90 (4th Cir. 2016) (holding that an "ALJ's opinion lack[ed] the specific analysis that would allow for meaningful review" where the ALJ cited evidence that the claimant had "'normal' results from pulmonary and respiratory tests and an [electroencephalography]" because the "ALJ did not explain why he believed these results had any relevance to the question of what symptoms [the

claimant] suffered <u>from narcolepsy</u>") (emphasis in original).  Likewise, the ALJ failed to establish a logical connection between the observations that the claimant was "stable on medications," ECF No. 17 at 24, and that she had less frequent blackouts after she began taking Adderall, *id.* at 21, and a conclusion that the claimant's testimony that she continued to experience frequent, severe blackouts was not credible.  While the ALJ's observation that the claimant is able to "cook, clean, and perform household chores with breaks, drive an automobile short distances, shop with her sister, attend her children's teacher conferences, drive the children to and from the bus stop, handle her finances and socialize with family members," *id.* at 22, comes closer to logically articulating a basis for discrediting the claimant's testimony regarding the severity and frequency of her blackouts, it is not clear whether the ALJ cited such evidence as support for such a conclusion or as support for the conclusion that, despite the blackouts, the claimant had the ability to perform certain tasks as outlined in the RFC determination.  Thus, to the extent the Commissioner asks the Court to conclude that it "was reasonable" for the ALJ to rely upon the evidence regarding mental status examinations, medications, and daily activities to conclude that the claimant's narcolepsy symptoms were not as severe as she alleged, ECF No. 28 at 2, the Commissioner is asking the Court to engage in supplying impermissible post-hoc rationalizations of the ALJ's decision, since it is not clear from that decision whether the ALJ even reached such a conclusion.

Accordingly, the Commissioner's objection to the recommended ruling is overruled, and the recommended ruling is adopted.

IT IS SO ORDERED.

      /s/        <br>
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
                March 25, 2022